NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1440

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 176782

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming a Sex Offender Registry Board (board) decision reclassifying Doe from a level two to a level three sex offender.  On appeal, Doe claims that the hearing examiner committed reversible error by relying heavily on allegedly unreliable hearsay contained within a police report.  We affirm.

Background.  We summarize the facts found by the hearing examiner, reserving some facts for discussion below.  In April 2005, when Doe was twenty-four years old and on probation for a 2001 assault charge, he picked up a seventeen year old girl (victim 1) and forced her to solicit clients for commercial sex acts.  Victim 1 reported the incident to police the following day, and in May 2007, Doe pleaded guilty to inducing a minor

into prostitution (G. L. c. 272, § 4A), attempting to live off or share the earnings of a minor prostitute (G. L. c. 272, § 4B), and two counts of deriving support from the earnings of a prostitute (G. L. c. 272, § 7). Doe's principal sentence was three years to three years and one day of incarceration; he also was sentenced to a five-year term of probation from and after his release. As a result of these offenses, in April 2009, the board classified Doe as a level two sex offender.

On July 22, 2013, a twenty-five year old woman (victim 2) reported that Doe had kidnapped her, held her against her will, and forced her to perform sex acts on others for a fee. Victim 2 told police that she had been walking after getting locked out of her friend's house when she was approached by Doe, who offered to drive her around. After victim 2 got in Doe's vehicle, Doe picked up a second woman who "was working as a prostitute." The three drove around all night, and the following day, Doe took the women to a hotel where Doe forced victim 2 to engage in commercial sex acts from which he profited. Victim 2 also told police that on her first night with Doe, he had forced her to have sex with him. After several days, most of which were spent in hotels, victim 2 began to feel sick as a result of Doe's having confiscated her prescription medication and his refusal to take her to her methadone clinic. Doe eventually agreed to drive victim 2 to a clinic, where she

was able to escape from him. Doe was arrested and charged two months later. At the time of his arrest, Doe was on probation for a 2007 conviction for attempting to commit a crime.

In December 2015, a jury convicted Doe on two counts of trafficking of persons for sexual servitude (G. L. c. 265, § 50) and two counts of deriving support from prostitution (G. L. c. 272, § 7). He was found not guilty of rape (G. L. c. 265, § 22) and pleaded guilty to two counts of conspiracy (G. L. c. 274, § 7). On the trafficking convictions, Doe received concurrent sentences of from seven to ten years in prison.

In June 2014, the board notified Doe of his duty to register as a level three (high risk) offender. Following a de novo hearing at which Doe failed to appear, in 2022 the examiner concluded that Doe presents a high risk of reoffense and dangerousness such that a substantial public safety interest is served by active dissemination and internet publication of his registry information.

Discussion. On appeal, Doe contends that the board's decision is arbitrary and capricious because the hearing examiner improperly relied on a police report that documented victim 2's description of her encounter with Doe. Doe focuses, in particular, on the examiner's finding that Doe raped victim 2. Doe points out that he was acquitted of rape, that the police report contained few details as to that event, and that

3

the finding of rape underpinned at least two factors that the hearing examiner otherwise could not have applied. We reject this argument and conclude that the hearing examiner's decision is supported by substantial evidence.

1. Standard of review. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019) (Doe No. 523391). We may set aside the board's decision only if the decision is unsupported by substantial evidence, arbitrary and capricious, an abuse of discretion, or not in accordance with the law. Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 762 (2022) (Doe No. 6729). In reviewing the board's decision, we "give due weight to the experience, technical competence, and specialized knowledge of the [board], as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14 (7). Accord Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006) (Doe No. 10216).

2. Sufficiency of the evidence. To support Doe's level three classification, the hearing examiner must find "by clear and convincing evidence that 'the risk of reoffense is high and the degree of dangerousness posed to the public is such that a substantial public safety interest is served by active

4

dissemination' of [Doe's] registration information." Doe No. 6729, 490 Mass. at 768, quoting G. L. c. 6, § 178K (2) (c).

In this case, the examiner issued a thorough written decision in which he considered the circumstances of Doe's offenses against victims 1 and 2, as well as Doe's general "propensity for lawlessness," and applied mitigating consideration based on, among other things, Doe's completion of sex offender treatment, strong family support system, and stable living environment.[1]  The examiner concluded that these mitigating factors were offset by the several applicable factors that placed Doe at a substantial risk of reoffense.  See Doe, Sex Offender Registry Bd. No. 1211 v. Sex Offender Registry Bd., 447 Mass. 750, 764 (2006) (hearing examiner not required to find that "risk-reducing factors completely ameliorated . . . risk of reoffense and degree of dangerousness").

Specifically, the decision identifies one factor that indicates Doe has a high risk of reoffense -- repetitive and

---

[1] Doe argues that the hearing examiner erred by assigning "moderate" rather than "full" weight to risk-mitigating factor 34 (stability in the community), pointing to his stable housing, employment, and participation in mental health counseling and Alcoholics Anonymous.  See 803 Code Mass. Regs. § 1.33(34) (2016).  This argument is unavailing, as it is in essence a challenge to the weight the examiner assigned to factor 34, a determination that was committed to the examiner's discretion. See Doe, Sex Offender Registry Bd. No. 291554 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 210, 214 (2015).

5

compulsive behavior -- and seven additional factors that indicate an elevated risk of reoffense, including the relationship between Doe and his victims,[2] his contact with the criminal justice system, violence unrelated to sexual assaults, noncompliance with community supervision, level of physical contact during the sexual assaults, diverse sexual behavior, and number of victims.[3]  See 803 Code Mass. Regs. § 1.33 (2016); Doe No. 10216, 447 Mass. at 788 (presence of "high-risk" factors lend support to examiner's decision to classify plaintiff as level three sex offender).  Based on the number and breadth of the applicable risk aggravating factors, we conclude that the

---

[2] The board's regulations provide that offenders who have committed sexual offenses against stranger victims have a higher risk of reoffense and present a greater degree of dangerousness than those who target known individuals.  803 Code. Mass. Regs. § 1.33(7) (2016).  A "stranger" is defined as someone the offender did not know within twenty-four hours prior to the offense.  Id.  The police report documenting Doe's offenses against victim 1 indicates that Doe was an "acquaintance" of victim 1, having met her on one prior occasion, though the timing of that meeting is unspecified.  Given this evidence, the examiner's finding that victim 1 was a stranger to Doe is not supported by substantial evidence.  Nevertheless, this error is harmless.  Even offenses against known, extrafamilial victims can indicate an increased risk of dangerousness, and more importantly, the examiner properly identified victim 2 as a stranger victim.  Id.  The presence of even a single stranger victim is sufficient to support a finding of an elevated risk of reoffense and dangerousness.  Id.

[3] During oral argument, Doe's counsel properly conceded that high-risk factor 2 (repetitive and compulsive behavior) and risk-elevating factor 22 (number of victims) were properly applied.  See 803 Code Mass. Regs. § 1.33(2), (22) (2016).

hearing examiner's decision to classify Doe as a level three offender rests on clear and convincing evidence.

3. Reliance on hearsay. We turn next to Doe's contention that the examiner impermissibly relied upon the police report recounting victim 2's allegation that Doe had raped her. As an initial matter, we note that Doe's acquittal on the criminal charge of rape does not render victim 2's statements against him unreliable or inadmissible. See Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 79 (2015) (Doe No. 356011). "This is because '[a]n acquittal at a criminal trial simply means that a jury did not find the defendant guilty of the charged sex offense beyond a reasonable doubt; it does not demonstrate that the evidence at the classification hearing did not warrant a finding by a preponderance of the evidence that the sex offender committed the charged offense.'" Id. at 80, quoting Soe, Sex Offender Registry Bd. No. 252997 v. Sex Offender Registry Bd., 466 Mass. 381, 396 (2013). Accord Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021) ("the board may consider subsidiary facts that are proved by a preponderance of the evidence, including subsidiary facts resulting in acquittals, where those facts are nonetheless proved by a preponderance of the evidence").

Although a criminal acquittal does not preclude a finding by a preponderance of the evidence that the underlying conduct occurred, such a finding must nonetheless be grounded in sufficiently reliable evidence. A hearing examiner may credit a victim's statements within a police report if they are accompanied by appropriate "indicia of reliability." See Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 638-639 (2011). Thus, in Doe No. 356011, 88 Mass. App. Ct. at 78, we stated that "particular narratives related [in a police report] may be admissible in board hearings depending on the general plausibility and consistency of the victim's or witness's story, the circumstances under which it is related, the degree of detail, the motives of the narrator, [and] the presence or absence of corroboration and the like" (citation omitted). The police report at issue here, which recites a detailed, firsthand account of victim 2's time with Doe, satisfies these criteria. Victim 2's narrative and descriptions were extensive and internally consistent, including specific information about where she was and what she was doing when Doe picked her up, the color, make and model of Doe's vehicle, and the names of hotels and landmarks near the places she was taken. Victim 2's statement included a stop at a gas station to buy condoms, which was corroborated by surveillance footage and a statement from an employee, and a violent melee

8

during her escape that was confirmed by a man who assisted her. These corroborative sources lend credibility to key parts of victim 2's narrative and reinforce the reliability of her overall account. See Doe No. 523391, 95 Mass. App. Ct. at 89 (identifying "a detailed account" and "independent corroboration" as common indicia of reliability).

Doe points out, however, that despite the detail victim 2 provided generally, victim 2 provided very little detail regarding the alleged rape. As to that topic, the report states that "[t]he second hotel, which was said to be located on Wood Road, was where [the plaintiff] forced [victim 2] to have sex with him for the first time." The hearing examiner concluded, however, that victim 2's statements contained sufficient indicia of reliability overall. Indeed, the conduct victim 2 described -- Doe picking her up off the street, holding her against her will, and sexually exploiting her -- closely mirrored the circumstances of Doe's offenses against victim 1. Although Doe was not accused of personally committing a sexual assault against victim 1, the marked similarities between the two incidents further support the credibility of victim 2's allegations. See Doe No. 523391, 95 Mass. App. Ct. at 89 (reliability may be demonstrated by "consistency of the hearsay incident with other, known behavior" of the offender). It follows that victim 2's rape allegation was not an isolated

9

assertion but part of a compelling and substantiated chain of events. Under the circumstances, it was reasonable for the examiner to deem the allegation credible and to rely on it to conclude by a preponderance of the evidence that Doe had raped victim 2.[4]

4. <u>Independent grounds</u>. Last, we point out that, even if the examiner's finding that Doe raped victim 2 were set aside, and as a result, the associated risk-elevating factors concerning Doe's diverse sexual behavior and high level of physical contact were not considered,[5] we are confident that the error did not affect the classification. The examiner's decision rests largely on Doe's well-documented history of antisocial conduct, which is comprised of many factors besides

---

[4] Although the plaintiff does not raise the issue on appeal, we note that the hearing examiner also relied on the Commonwealth's "statement of the case," an advocacy piece filed in advance of the anticipated trial as to victim 2. The hearing examiner relied on this document, in particular, as to the allegations concerning the rape. This was error. A statement of the case reflects the Commonwealth's untested summary of the case. It is not a sworn statement or accompanied by supporting documentation or corroborating evidence. See P.J. Broker & K.J. Reddington, The Commonwealth's Case, in Superior Court Criminal Practice Manual § 13.5, at 13-4 (Mass. Cont. Legal Educ. 2d ed. 2014 & Supps. 2019, 2021) ("the Commonwealth's statement of the case consists of allegations, not proven facts"). For these reasons, the Commonwealth's statement of the case does not meet the standard of reliability required by the case law. The error was not prejudicial here, however, where the police report and the corroborating evidence, discussed above, well satisfied the reliability standard.

[5] See 803 Code Mass. Regs. § 1.33(19)-(20) (2016).

10

the challenged finding. More particularly, Doe has been convicted of ten separate offenses arising out of his sexual exploitation of vulnerable victims in two separate incidents, wherein he picked his victims up off the street and forced them to engage in sex acts that he profited from. The fact that Doe's offenses against victims 1 and 2 occurred eight years apart demonstrates a lengthy pattern of coercive and predatory behavior. Further, outside of his sexual offenses, Doe has an extensive criminal record that includes prior convictions for drug offenses, assault, theft, and firearm violations. Notably, Doe's offenses against victims 1 and 2 occurred while he was on probation for other crimes. Although Doe now has stable employment, the support of family, and has completed sex offender treatment, the examiner was well within his discretion in concluding that these mitigating factors did not overcome the seriousness of Doe's offenses and his historical pattern of dangerous conduct. Therefore, even without the rape finding, "the underlying facts of the case . . . clearly dictate" a level three classification. See Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 804

11

(2022), quoting <u>Doe, Sex Offender Registry Bd. No. 356315</u> v. <u>Sex Offender Registry Bd</u>., 99 Mass. App. Ct. 292, 301 (2021).

<u>Judgment affirmed</u>.

By the Court (Desmond, Ditkoff & Englander, JJ.[6]),

Clerk

Entered:  July 2, 2025.

---

[6] The panelists are listed in order of seniority.